**LIN JING LIAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–2929–ag.**

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Nan Shen, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Shelly R. Goad, Senior Litigation

Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Lin Jing Lian, a native and citizen of the People's Republic of China, seeks review of a May 16, 2008 order of the BIA affirming, without opinion, the September 28, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Jing Lian,* No. A98 769 439 (B.I.A. May 16, 2008) (per curiam), *aff'g* No. A98 769 439 (Immig. Ct. N.Y. City Sep. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We ordinarily review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Here, unfortunately, Lian has waived any argument challenging the IJ's adverse credibility determination, the dispositive basis for his denial of relief.

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Lian argues in his brief that the agency erred in finding that he had not met his burden of proof, because: (1) he is a pious Falun Gong practitioner and it is impossible for him to give up his practice; (2) the Chinese Government would have been aware of his practice of Falun Gong; and (3) relocation within China is not an option. Because none of these arguments challenge the IJ's finding that Lian was not credible, based on his "evasive" demeanor, questions about the veracity of his identity documents, and discrepancies between his testimony and the supporting documents in the record, we consider any arguments as to the IJ's adverse credibility determination waived.[1]

Because the IJ's adverse credibility determination was dispositive of Lian's application for asylum, withholding of removal, and CAT relief, Lian's waiver of any challenge to that determination is fatal to his petition for review. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

---

1. We cannot find that any manifest injustice would result from our decision not to consider arguments Lian has not made. A brief review of the record reveals that the IJ's credibility determination was amply supported by the record. *Lin Zhong v. U.S. Dept. of Justice,* 480 F.3d 104, 116–117 (2d Cir.2007) ("When reviewing an IJ's credibility findings, we afford particular deference in applying the substantial evidence standard. This deference is at its highest point where an IJ's credibility determinations are based on observation of the applicant's demeanor[.]") (internal quotations and citations omitted).